IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEREK BEGAY,

    Plaintiff,

v.                                                                                          No. 1:25-cv-00995-WJ-JMR

DOUGLAS BURGUM,

    Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff's Complaint is a one-page letter which references an appeal number, a hearing number and an agency number regarding proceedings within the Department of Interior, Bureau of Indian Education. *See* Complaint, Doc. 1, filed October 10, 2025 (with 9 pages of emails attached). Plaintiff seeks an extension of time to file a civil action because his former attorney, who was suspended from the practice of law, did not timely notify Plaintiff he could not represent Plaintiff. *See* Complaint at 1.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff the Court cannot grant relief until Plaintiff files an amended complaint that complies with the Federal and Local Rules of Civil Procedure. *See* Order for Amended Complaint, Doc. 3, filed October 14, 2025 ("Order") (stating that pursuant to Fed. R. Civ. P. 8(a) a complaint must contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plaint statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought). Judge Rozzoni also notified Plaintiff that this case cannot proceed unless Plaintiff either pays the filing fee or files an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). *See* Order at 2 (citing the federal statutes that require payment of the fee and that allow the Court to

authorize commencement of an action without prepayment of fees upon the filing of an affidavit/Application that shows the person is unable to pay the fees). Judge Rozzoni ordered Plaintiff to file an amended complaint and to either pay the filing fee or file an Application and notified Plaintiff that failure to comply with the Order may result in dismissal of this case. *See* Order at 5. Plaintiff did not file an amended complaint, did not pay the filing fee or file an Application and did not otherwise respond to the Order by the November 4, 2025, deadline.

The Court dismisses this case without prejudice because the Complaint fails to state a claim upon which relief can be granted and Plaintiff has not complied with Judge Rozzoni's Order to file an amended complaint and to either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**